NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY R. ALONZO,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

---

2012-3010

---

Petition for review of the Merit Systems Protection Board in Case No. SF0752100202-I-1.

---

Decided: June 6, 2012

---

ANTHONY R. ALONZO, of Alturas, California, pro se.

RYAN M. MAJERUS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK MANHARDT, Assistant Director.

---

Before RADER, *Chief Judge*, LOURIE, and WALLACH, *Circuit Judges*.

PER CURIAM.

Anthony R. Alonzo appeals from the decision of the Merit Systems Protection Board ("the Board") denying his petition for review and adopting, as modified, the initial decision of the administrative judge ("AJ") as the Board's final decision. *Alonzo v. Dep't of Veterans Affairs*, No. SF-0752-10-0202-I-1 (M.S.P.B. Aug. 18, 2011) ("MSPB Final Decision"). We *affirm*.

BACKGROUND

Mr. Alonzo, a preference-eligible veteran, was a social worker at the Department of Veterans Affairs ("VA") at a GS-11 level, before his disability retirement on October 6, 2000. Mr. Alonzo provides this court with documentation from 1996 through 2000 as what he says is evidence of the intolerable working conditions and unlawful discrimination[1] that led to his disability and the VA's failure to provide reasonable accommodation.[2]

On March 24, 2000, Mr. Alonzo requested reasonable accommodation for disability; his doctor also provided a letter recommending transfer to a less stressful work environment. In July 2000, Mr. Alonzo's doctor submitted

---

[1]    Between 1996 and 1998, Mr. Alonzo filed four formal complaints of discrimination, alleging multiple instances of discrimination and retaliation. These actions were brought before the Equal Employment Opportunity Commission, appealed to the U.S. District Court of California, and the U.S. Court of Appeal for the Ninth Circuit, which affirmed the district court's decision to grant summary judgment on all of the claims in favor of the VA.

[2]    Mr. Alonzo has been treated for stress related issues at Kaiser Permanente Medical Center since 1996.

a document titled "Medical Documentation for Disability Retirement," stating that Mr. Alonzo suffered from numerous medical conditions and stating that these conditions would interfere with his ability to carry out his work responsibilities. On August 8, 2000, Mr. Alonzo submitted an application for disability retirement. On that application, an agency Employment Relations Specialist wrote that "[a]ccommodation and reassignment are not options due to medical condition. [Mr. Alonzo] suffers from severe, constant fatigue to [sic] renal insufficiency, anemia, and cardiac status and unable to continue in direct patient care." Appendix at A76. The Office of Personnel Management approved Mr. Alonzo's application for retirement, and he separated from the VA on October 6, 2000.

Mr. Alonzo filed a petition on December 1, 2009, alleging he was discriminated against and "forced to retire in 2000 due to intolerable working conditions and unlawful discrimination that made him totally disabled." MSPB Final Decision at 2 (citations and quotations omitted). The AJ dismissed the appeal, reasoning that the Board lacks jurisdiction over Mr. Alonzo's claim for constructive removal and that Mr. Alonzo failed to prove there was an available accommodation or that the agency improperly failed to provide an accommodation. However, in the final order, the Board determined that it had jurisdiction in "some cases, . . . such as the appellant's, that he was forced into an involuntary disability retirement on the basis of intolerable working conditions." MSPB Final Decision at 5. The Board held that Mr. Alonzo's claims that intolerable working conditions and a hostile work environment forced him to retire were barred under res judicata and collateral estoppel. The Board rejected Mr. Alonzo's assertion that failure to grant his 1996 request for accommodation was a continuing violation that forced

him to take disability retirement in 2000, because it did not form the basis of his removal. The Board denied Mr. Alonzo's petition for review for the AJ's decision, concluding that "there is no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affects the outcome." *Id.* at 9. We have jurisdiction over Mr. Alonzo's appeal pursuant to 28 U.S.C. § 1295(a)(9) (2006).

## DISCUSSION

The scope of our review in an appeal from the Board is limited. We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2006).

Mr. Alonzo alleges that the VA failed to reasonably accommodate him and claims that he was qualified for vacant positions that were available in 2000. In order to establish a claim of involuntary disability retirement, the claimant must prove that there was an accommodation available prior to his separation that would allow him to keep working and that the agency refused to provide him with an accommodation. *Benavidez v. Dep't of Navy*, 241 F.3d 1370, 1375 (Fed. Cir. 2001) (affirming the Board's decision using this criterion). Mr. Alonzo did not submit any new evidence of other vacancies that were not already considered by the Board. *See* MSPB Final Decision at 9 (Mr. Alonzo "failed to demonstrate that he was qualified for and able to perform the essential duties of the GS-11 position in question or any other vacant position available"). The Board relied upon evidence indicating that Mr. Alonzo could not be accommodated due to the severity of his condition, and indeed, the record shows he used 200

hours of advance sick leave and 183 hours of donated leave prior to his October 2000 separation. The Board's decision is supported by substantial evidence.

Mr. Alonzo argues that he was not provided his rights under the Veterans Employment Opportunity Act, but presents no evidence that he exhausted his administrative remedies by filing a claim with the Department of Labor, nor does he specify what rights he was denied. Therefore, we are unable to review these claims.

Mr. Alonzo also asserts that the VA failed to accommodate him by placing him in available positions from the time he informed them of his medical problems in 1996 until his ultimate separation in 2000. However, as the Board found, any failure by the agency to accommodate him beginning in 1996 is not the subject of his appeal. MSPB Final Decision at 8. In his application for retirement, Mr. Alonzo indicated he became disabled in July 1999, and before the AJ he testified that he felt his retirement became involuntary after the VA failed to respond to his request in March 2000. Mr. Alonzo's claims of failure to accommodate him prior to his March 2000 request are therefore not relevant to this appeal.

Mr. Alonzo contends that the agency and courts continue to ignore the evidence and legal precedent supporting his claims. However, the AJ and the Board thoroughly considered the evidence relevant to the issues properly before them and determined that Mr. Alonzo "failed to prove that there was an accommodation available that would have allowed him to continue his employment, or that the agency improperly failed to provide such accommodation." *Alonzo v. Dep't of Veterans Affairs*, No. SF-0752-10-0202-I-1 at 12 (M.S.P.B. April 19, 2010).

CONCLUSION

For the reasons discussed above, we affirm the final decision of the Board.

**AFFIRM**